ANDRI LaFORGIA, PROSECUTOR, v. CITY OF HOBOKEN ET AL., DEFENDANTS.

Submitted October 16, 1931—Decided May 16, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *Sylvan S. Cohen.*

For the defendants, *James A. Coolahan.*

PER CURIAM.

This writ of *certiorari* brings up the conviction of the prosecutor by the recorder of the city of Hoboken for a violation of the sanitary code of said city. Prosecutor was arrested upon a complaint charging him with having kept ice in his cellar in violation of the ordinance. He was found guilty and fined $20 in accordance with the ordinance.

The sole question here argued is that the ordinance under which the conviction was had is invalid as contrary to the legislative enactments concerning the scope of city ordinances.

The ordinance prescribed a penalty of $20 upon each conviction, and provided for no other form of punishment. Prosecutor contends that this is in violation of the provisions of the Home Rule act (*Pamph. L.* 1917, *ch.* 152), because that act requires the fixing of a minimum and maximum penalty and requires the exercise of the discretion of the magistrate in the imposition of the sentence.

In *Massinger* v. *Millville,* 63 *N. J. L.* 123; 43 *Atl. Rep.* 443, an ordinance which provided for a fixed penalty was held invalid under the act of 1896 regulating city ordinances.

In *Friedman* v. *Maines,* 8 *N. J. Mis. R.* 703; 151 *Atl. Rep.* 472, such an ordinance was held invalid as contrary to the provisions of the Home Rule act.

It seems clear that the ordinance, by its terms, comes within the scope of the Home Rule act.

However, the defendants contend that, since the ordinance was adopted in 1891, it is not affected by the act of 1917. The Home Rule act provides that ordinances in force at the time of its adoption (1917) should remain in force "except in so far as they are inconsistent herewith." This can be construed as nothing less than a condemnation of ordinances which do not meet the limitations contained in that act.

The conviction is set aside, but without costs.