46 N.J. Super. 331 (1957)
134 A.2d 720
STATE OF NEW JERSEY, COMPLAINANT-RESPONDENT,
v.
LAUREL MILLS SEWERAGE CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 16, 1957.
Decided September 23, 1957.
*332 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Josiah E. DuBois, Jr., argued the cause for defendant-appellant.
Mr. William G. Freeman argued the cause for complainant-respondent.
The opinion of the court was delivered by FREUND, J.A.D.
The defendant was adjudged guilty of violating a provision of a zoning ordinance in that it *333 failed to obtain a building permit for the construction of a sewerage treatment and disposal plant in the Borough of Stratford, Camden County, New Jersey. The local magistrate imposed a penalty of $200 and costs. On appeal to the Camden County Court the conviction was affirmed, and again there was imposed the penalty of $200 and costs. The defendant has taken this appeal from the conviction and fine.
Section 1200, titled "Violations and Penalties," of the local zoning ordinance provides that failure to secure a special permit prior to the construction of a building shall be a violation of the ordinance. Section 1202, titled "Fines and Penalties," reads as follows:
"If any building or structure shall be erected, constructed, extended or added to in violation of this Ordinance; or any building, structure or land used or maintained in violation of this Ordinance, the owner shall be subject to a fine of not more than one thousand ($1,000.00) Dollars and not less than Ten ($10.00) Dollars and/or imprisonment not to exceed sixty (60) days."
The ordinance also contains a general saving provision as to the validity of other provisions of the ordinance should any provision be declared invalid.
The statutory authority for the imposition of penalties by municipalities generally is N.J.S.A. 40:49-5. Borough councils are permitted by R.S. 40:88-6 to prescribe penalties for the violation of ordinances in the same manner provided in and subject to the provisions of N.J.S.A. 40:49-5. The pertinent part of N.J.S.A. 40:49-5 reads as follows:
"The governing body may prescribe penalties for the violation of ordinances it may have authority to pass, either by imprisonment in the county jail or in any place provided by the municipality for the detention of prisoners, for any term not exceeding ninety days, or by a fine not exceeding two hundred dollars, or both. The magistrate before whom any person is convicted of violating any ordinance of a municipality, shall have power to impose any fine or term of imprisonment not exceeding the maximum fixed in such ordinance."
*334 Our consideration of this appeal prior to oral argument led to inquiry as to the statutory authority for the imposition by a municipality of fines and penalties for the violation of a municipal ordinance and whether the ordinance penalty provision is not invalid for exceeding statutory authority, notwithstanding the penalty imposed was a fine of $200 and costs, the maximum allowed by N.J.S.A. 40:49-5. The question was called to the attention of counsel several days prior to oral argument and authorities on the point were submitted by both sides at the argument.
While the question was not raised by either party before the magistrate, nor before the County Court nor in the original briefs on the present appeal, we have considered the point sua sponte. While it is true that we are not bound to consider questions not raised below, even though they be constitutional questions, for ordinarily only questions of jurisdiction or of public policy will be considered when raised for the first time on appeal, Roberts Electric, Inc., v. Foundations & Excavations, Inc., 5 N.J. 426, 429 (1950), the power to determine issues of important public concern cannot be questioned. City of Newark v. Pulverman, 12 N.J. 105 (1953). A conviction under a void statute is of sufficient public concern to warrant the court's attention, as established in State v. Guida, 119 N.J.L. 464 (E. & A. 1937) where it was said, "Public policy is ill-served by convictions as for crime under a void statutory provision."
It is fundamental that, to the extent authorized by the Legislature, a municipality may enact ordinances and provide against their violation by penalties. Municipalities are agencies of government for the local administration of the legislative intention and policy. The amount or limitation of a penalty imposed by an ordinance must comply with the statutory authority. If a municipality should provide in an ordinance a penalty not authorized by statute, a local law would be framed which the legislative power has not expressed its intention to have enacted. Where the Legislature has directed the manner in which ordinances are to be enforced or the penalty to be imposed for their violation, *335 it thereby negatives the right of the municipality to provide for any other penalty. Bergen v. Clarkson, 6 N.J.L. 352, 366 (Sup. Ct. 1797); Leland v. Long Branch Commissioners, 42 N.J.L. 375 (Sup. Ct. 1880); Landis v. Vineland, 54 N.J.L. 75 (Sup. Ct. 1891); 5 McQuillin, Municipal Corporations (3rd ed. 1949), § 17.14, p. 369.
We have considered the authorities on the point submitted by the parties and they clearly invalidate the penalty provision in the zoning ordinance. The penalty provided in the ordinance, being greater than is permitted by statute, is void.
Judgment is reversed.