96 N.J. Super. 20 (1967)
232 A.2d 431
BOROUGH OF VERONA, PLAINTIFF-APPELLANT,
v.
BENJAMIN SHALIT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 5, 1967.
Decided July 6, 1967.
*21 Before Judges GAULKIN, LEWIS and LABRECQUE.
Mr. Peter A. Benz argued the cause for the appellant (Messrs. Sarcone, Mascia and Benz, attorneys).
Mr. Kenneth R. Stein argued the cause for the respondent (Messrs. Stein & Stein, attorneys).
Mr. Richard Newman, Deputy Attorney General, argued the cause for New Jersey Department of Health (Mr. Arthur J. Sills, Attorney General, attorney).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Defendant Shalit was found guilty in the municipal court of violating an ordinance adopted by the Board of Health of Verona and "fined" $100. The County Court reversed, holding that the ordinance was invalid *22 because it was more restrictive than the code adopted by the Air Pollution Control Commission pursuant to the Air Pollution Control Act, N.J.S.A. 26: 2C-1 et seq., and because it was fatally vague. The opinion of the County Court is reported in 92 N.J. Super. 65 (1966). The Borough of Verona [sic] appeals.
The action should have been brought by the Board of Health, N.J.S.A. 26:3-72. The failure to bring it in the name of the proper party may have helped to create the problems which will be discussed hereafter. Cf. State v. Arbus, 54 N.J. Super. 76, 79-80 (App. Div. 1959); Hewitt v. Hollahan, 56 N.J. Super. 372, 377 (App. Div. 1959). Since counsel who appeared for the Borough of Verona in fact spoke for the Board of Health (hereafter board), the board will be considered substituted as the plaintiff-appellant.

I
Defendant argues that the proceedings were criminal or quasi-criminal, and therefore the board has no right to appeal from the judgment of "not guilty" entered by the County Court. For this proposition defendant cites City of Newark v. Pulverman, 12 N.J. 105 (1953), State v. Fiore, 69 N.J. Super. 122 (App. Div.), certification denied 36 N.J. 142 (1961), and City of Englewood v. Geo. M. Brewster Son, Inc., 77 N.J. Super. 248 (App. Div. 1962). Plaintiff answers that this is not a criminal or quasi-criminal case but a civil action for the collection of a penalty and, as such, the acquittal is appealable by it, citing Department of Conservation and Economic Development, etc. v. Scipio, 88 N.J. Super. 315 (App. Div.), certification denied 45 N.J. 598 (1965); Department of Labor and Industry v. Rosen, 44 N.J. Super. 42 (App. Div. 1957), and Sawran v. Lennon, 19 N.J. 606 (1955). We agree with plaintiff and hold that it has the right to appeal from the judgment of the County Court.
The ordinance in question was enacted by the board pursuant to N.J.S.A. 26:3-64 et seq. Section 70 of said act *23 provides: "The local board may prescribe a penalty for the violation of any provision of a health ordinance or code. Such penalty shall not be more than one hundred dollars nor less than two dollars." Section 72 provides:
"Every municipal court shall have jurisdiction over proceedings to enforce and collect any penalty imposed because of a violation of any provision of a health ordinance or code of a local board, if the violation occurs within the territorial jurisdiction of the court. The proceedings shall be summary and in accordance with the Penalty Enforcement Law (N.J.S. 2A:58-1 et seq.); process shall issue at the suit of such local board and shall be either in the nature of a summons or warrant."
R.R. 5:2-6 recognizes the right to appeal "to the county court from a summary civil proceeding brought in a municipal court for the collection or enforcement of a penalty * * *." We are aware of the fact that R.R. 5:2-6 refers to R.R. 7:13-1 to 7:13-17 and that the latter rules speak of penalties imposed "by any statute." We note also that N.J.S. 2A:58-1 provides:
"Any penalty imposed by any statute heretofore or hereafter enacted, which by direction or authority of such statute may be collected or enforced by summary proceedings or in a summary manner may be collected and enforced in summary proceedings pursuant to this chapter and the rules of the supreme court."
We hold that even though R.R. 5:2-6, R.R. 7:13-1 to 17:13-17, and N.J.S. 2A:58-1 et seq. do not expressly mention ordinances, the plain import of N.J.S.A. 26:3-72, when read together with N.J.S. 2A:58-1, brings the collection of penalties under ordinances passed by boards of health under the governance of R.R. 7:13-1 et seq., and therefore appeals from "acquittals" as well as from "convictions" under such ordinances are governed by R.R. 5:2-6, as are all "convictions" under N.J.S. 2A:58-1. Therefore plaintiff has the right to appeal. Department of Conservation and Economic Development, etc. v. Scipio, supra; R.R. 2:2-1(b).
*24 Even granting that acquittals under board of health ordinances may be appealed by the board, defendant contends that here plaintiff is estopped from such appeal because the County Court treated the complaint as one arising under a borough rather than a board of health ordinance, and dealt with the appeal to the County Court as having been taken under R.R. 3:10-1. We find no merit in this contention.

II
Defendant contends that the acquittal should be affirmed because the penalty clause of the ordinance is invalid and the ordinance is therefore unenforceable. We agree. N.J.S.A. 26:3-70, supra, provides that boards of health may prescribe a penalty of "not more than one hundred dollars * * *." N.J.S.A. 26:3-71 provides:
"The penalty for the violation of a provision of a health ordinance or code need not be for a specific amount, but the local board may provide that the penalty shall not be less than one given sum nor greater than another given sum. The amount of the penalty between the maximum and minimum inclusive shall be left to the discretion of the court."
Here the ordinance fixed the maximum penalty as $200. Plaintiff admits this provision is invalid, but it argues that, since the penalty imposed by the magistrate was only $100, the "fine" was valid. However, it is the ordinance which must fix the penalty. The maximum in the ordinance being invalid, the penalty clause is totally void. State v. Laurel Mills Sewerage Corp., 46 N.J. Super. 331, 334 (App. Div. 1957). Although the invalidity of a penalty clause does not necessarily invalidate all of an ordinance, Scharf v. Recorder's Court of Borough of Ramsey, 137 N.J.L. 231 (Sup. Ct.), affirmed 1 N.J. 59 (1948), it does make the ordinance unenforceable until the penalty clause is validly amended. See Studerus Oil Co., Inc. v. Jersey City, 128 N.J.L. 286, 292 (Sup. Ct. 1942); Fields v. Duffy, 115 N.J.L. 319, 320 *25 (Sup. Ct. 1935); La Forgia v. City of Hoboken, 10 N.J. Misc. 657, 658, 160 A. 502 (Sup. Ct. 1932).
The ordinance was unenforceable when defendant was fined, for the reasons stated. Hence the judgment must be affirmed.

III
Chapter 106 of the Laws of 1967, section 10, amending section 22 of the Air Pollution Control Act (N.J.S.A. 26:2C-22) authorizes and validates municipal ordinances more restrictive than the act. For that reason, and because we affirm the acquittal for the reasons above stated, we deem it unnecessary to pass upon the trial court's holding that the ordinance was invalid because it was more restrictive than the act and the code adopted thereunder.
And, since we affirm, we also find it unnecessary to discuss defendant's trenchant criticism of the draftsmanship of the ordinance, much of which is justified. Since at least the penalty provisions of the ordinance will have to be amended, we suggest to plaintiff that the entire ordinance be redrawn in the light of the criticisms by court and counsel, to avoid the confusion and debate about the construction of its various parts (many of them unnumbered) engendered by the draftsmanship of the present ordinance.
Affirmed.