96 N.J. Super. 238 (1967)
232 A.2d 838
STATE OF NEW JERSEY (DEPARTMENT OF HEALTH OF THE TOWNSHIP OF WOODBRIDGE), PLAINTIFF-APPELLANT,
v.
HATCO CHEMICAL COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 5, 1967.
Decided July 20, 1967.
*239 Before Judges GAULKIN, LEWIS and LABRECQUE.
Mr. Edmund Vitale, Jr., argued the cause for Township of Woodbridge (Mr. Norman Robbins, attorney).
Mr. Ernest Gross argued the cause for Hatco Chemical Company (Messrs. Gross, Weissberger & Linett, attorneys; Mr. David Linett on the brief).
Mr. Richard Newman, Deputy Attorney General, argued the cause for the state of New Jersey, amicus curiae (Mr. Arthur J. Sills, Attorney General, attorney; Mr. Richard J. Sauerwein, Deputy Attorney General, on the brief).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Defendant was convicted in the municipal court upon five complaints charging violations of an air pollution control ordinance enacted by the Municipal Council of the Township of Woodbridge, and "fined" $100 upon each complaint. It appealed to the County Court where, before trial de novo, it moved to dismiss the complaints *240 on the ground that the ordinance was invalid. The County Court agreed it was invalid, for two reasons  first, because it was more restrictive than the code adopted by the Air Pollution Control Commission pursuant to the Air Pollution Control Act, N.J.S.A. 26:2C-1 et seq., and second, because the penalty clause of the ordinance violated N.J.S.A. 40:49-5. The County Court thereupon dismissed the complaints and plaintiff township appeals. We do not know why the State of New Jersey appears in the caption. Query, also, whether the board of health is the proper party plaintiff, since the ordinance was not adopted by it. See Borough of Verona v. Shalit, 96 N.J. Super. 20 (App. Div. 1967).

I
To support the first ground of invalidity the County Court relied upon and followed Borough of Verona v. Shalit, 92 N.J. Super. 65 (Cty Ct. 1966), which we affirmed on other grounds in 96 N.J. Super. 20, mentioned supra.
Chapter 106 of the Laws of 1967, section 10, amending section 22 of the Air Pollution Control Act (N.J.S.A. 26:2C-22) authorizes and validates municipal ordinances more restrictive than the act. For that reason, and because we affirm the dismissal of the complaints for the reasons hereafter stated, we deem it unnecessary to pass upon the holding that the ordinance was invalid because more restrictive than the original act.

II
N.J.S.A. 40:49-5 provides:
"The governing body may prescribe penalties for the violation of ordinances it may have authority to pass, either by imprisonment in the county jail or in any place provided by the municipality for the detention of prisoners, for any term not exceeding ninety days, or by a fine not exceeding two hundred dollars ($200.00), or both. The court before which any person is convicted of violating any ordinance of a municipality, shall have power to impose any fine or term of imprisonment not exceeding the maximum fixed in such ordinance.
*241 Any person convicted of the violation of any ordinance may, in the discretion of the court by which he was convicted, and in default of the payment of any fine imposed therefor, be imprisoned in the county jail or place of detention provided by the municipality, for any term not exceeding ninety days."
The ordinance provided for a fine of not less than $100 nor more than $500. The County Court held that Woodbridge had no authority to impose a minimum fine, Studerus Oil Co., Inc. v. Jersey City, 128 N.J.L. 286, 292 (Sup. Ct. 1942), or a maximum over $200, State v. Laurel Mills Sewerage Corp., 46 N.J. Super. 331, 334 (App. Div. 1957), and therefore the ordinance was unenforceable.
Woodbridge points out that it is a Faulkner Act municipality, having adopted the Mayor-Council Plan F form of government pursuant to N.J.S.A. 40:69A-74, and that Faulkner Act municipalities may, under N.J.S.A. 40:69A-29(b), adopt police ordinances with fines up to $500. Defendant answers that Woodbridge did not raise this point below, but that is immaterial since this is a question of municipal power. Defendant argues also that it does not make sense for a person to be punished up to $500 in a Faulkner Act municipality for an act for which one may be punished only up to $200 in a neighboring non-Faulkner Act municipality. We confess we see no rational basis for that distinction, but that is a matter for the Legislature to correct. It is not argued that the distinction is unconstitutional or otherwise invalid. Therefore, we hold that the $500 maximum fine provided in the ordinance is legal.
However, we hold that Woodbridge had no authority to impose a minimum fine. N.J.S.A. 40:49-5 is a "general law" within the meaning of N.J.S.A. 40:69A-28 and 29. N.J.S.A. 40:69A-28 states: "For the purposes of this act, a `general law' shall be deemed to be any law or provision of law, not inconsistent with this act, heretofore or hereafter enacted which is by its terms applicable or available to all municipalities, * * *." (Emphasis ours). *242 The powers given to Faulkner Act municipalities under N.J.S.A. 40:69A-29 are all "subject to the provisions of this act or other general laws." The Faulkner Act has few if any provisions relating to ordinances other than N.J.S.A. 40:69A-29(b). Therefore N.J.S.A. 40:49-1 et seq. govern the content and passage of ordinances in Faulkner Act municipalities as well as in all others, except where the Faulkner Act makes a specific inconsistent provision. The $500 maximum fine is such an inconsistent provision, and to that extent negatives the $200 maximum of N.J.S.A. 40:49-5, but the remainder of N.J.S.A. 40:49-5 still controls Faulkner Act municipalities. That includes the provision which forbids minimum penalties. The penalty clause of the ordinance is therefore invalid and the dismissal is affirmed.