CITY OF LAS VEGAS, NEVADA, Appellant, *v.* NEVADA INDUSTRIES, INC., A NEVADA CORPORATION, Respondent.

No. 18491

April 25, 1989                                   772 P.2d 1275

---

[2]The Honorable Robert E. Rose, Justice, did not participate in the consideration of this appeal.

*George F. Ogilvie,* City Attorney, *Robert Yeargin,* Deputy City Attorney, and *Val Steed,* Deputy City Attorney, Las Vegas, for Appellant.

*Alan B. Andrews,* Las Vegas, for Respondent.

## OPINION

By the Court, YOUNG, C. J.:

This action arose out of the appellant Las Vegas City Council's (Las Vegas) decision to revoke respondent Nevada Industries' business licenses. Nevada Industries operates a lounge facility with a jacuzzi and meeting rooms. A detective observed nudity and the exposure and touching of female breasts during a visit to the facility.

After an investigation and a hearing, Las Vegas revoked the business licenses because it found that Nevada Industries is a sexually oriented business, i.e. a "nude show." Consequently, it found that respondent made a misrepresentation on its application for business licenses by stating that it would not operate a sexu-

ally oriented business.[1] Moreover, Las Vegas found that Nevada Industries violated a Las Vegas zoning ordinance prohibiting the establishment of a sexually oriented business within one thousand feet of another sexually oriented business, church, school, park or playground.[2] Las Vegas also found that Nevada Industries violated ordinances concerning the keeping of business records and failed to properly maintain its State Industrial Insurance System (SIIS) coverage. Pursuant to these findings, Las Vegas revoked Nevada Industries' business licenses and fined respondent $50,000.[3]

---

[1]Las Vegas Municipal Code § 6.02.330 provides in part:

6.02.330 Disciplinary action—Good cause designated. The licensee may be subject to disciplinary action by the Board of Commissioners for good cause, which may include, but is not limited to:

(A) The application is incomplete or contains false, misleading or fraudulent statements with respect to any information required in the application;

(B) The licensee or any of its principals fails to satisfy any qualification or requirement imposed by this Code, or other local, State or Federal law or regulation pertaining to the particular license or approval for suitability sought or held;

. . . .

(F) The licensee or any of its principals has committed acts which would constitute a crime involving moral turpitude, or involving any Federal, State or local law or regulation relating to the same or a similar business;

(G) When substantial information exists which tends to show that the licensee or any of its principals is dishonest or corrupt;

. . . .

(I) The actual business activity constitutes a public or private nuisance, or will be or is conducted in an unlawful, illegal or improper manner;

. . . .

[2]In Young v. American Mini Theatres, 427 U.S. 50 (1976), the Supreme Court upheld the constitutionality of a zoning ordinance similar to that implemented by Las Vegas in this case. The Court noted that the mere fact that commercial exploitation of material arguably protected by the First Amendment is subject to zoning and other licensing criteria is an insufficient reason for invalidating these ordinances. Id. at 62. Moreover, we must give great respect to Las Vegas' interest in preserving the quality of urban life and to its need to experiment with solutions to difficult problems. Id. at 71. Thus, we find that the zoning ordinance implicated in this case is constitutional.

[3]The City imposed the fine pursuant to Las Vegas Municipal Code § 6.88.120 which provides that:

6.88.120 Decision by Board. After the hearing of a contested matter, the Board of Commissioners shall render a decision on the merits which shall include findings of fact and conclusions of law and the penalty to be imposed, if any, and shall thereafter make and enter its order in its minutes in conformity to such decision. The decision of the Board shall be served on the parties personally or shall be sent to them by registered or certified mail. The decision shall become and remain effective upon such service unless the Board shall otherwise order.

On Nevada Industries' motion, the district court issued a writ of mandamus and reviewed Las Vegas' actions. The district court concluded that Nevada Industries' activities enjoyed First Amendment protection because Las Vegas sought to regulate them as a "nude show." The court found the applicable ordinances unconstitutional as applied to this protected activity, and issued a permanent injunction and a writ of mandamus prohibiting their enforcement against Nevada Industries. Las Vegas appeals from the district court's judgment.

Las Vegas' finding that Nevada Industries' activities constituted a nude show provided the basis for its conclusion that Nevada Industries made misrepresentations on its application for a business license, and for its finding that Nevada Industries violated Las Vegas' zoning ordinance by operating within one thousand feet of another sexually oriented business. LVMC § 19.74.020(I) addresses sexually oriented businesses, and defines "nude show" as "any establishment which provides or permits sexual conduct or the display of specified anatomical areas upon its premises as entertainment or as an attraction for business." The provision also defines adult motion picture theaters, adult bookstores, and similar establishments as sexually oriented businesses. Las Vegas correctly points out that the sucking of a woman's breast by a man, as observed by one of its detectives, constitutes "sexual conduct" under LVMC § 19.74.010(A)(1), as do other actions which the detective observed.

Nevada Industries' facilities and advertising support the conclusion that it intended to operate in its present manner (i.e. as a sexually oriented business) at the time it applied for its business license. Therefore, the record demonstrates that Nevada Industries falsely represented on its license application that it was not a sexually oriented business.

Consequently, we conclude that we need not address the issue of whether Nevada Industries' activities enjoy First Amendment protection because respondent's affirmative misrepresentation formed the basis for the revocation of its licenses. Accordingly, without addressing the First Amendment issues raised by respondent, we hold that Las Vegas acted within its discretion when it revoked Nevada Industries' business licenses pursuant to the Las Vegas Municipal Code.

Because Las Vegas determined that Nevada Industries' operation included a "nude show," the district court held that this case must turn upon First Amendment principles. According to the United States Supreme Court, under some circumstances, nude dancing might be entitled to First and Fourteenth Amendment protection. California v. LaRue, 409 U.S. 109, 118 (1972).

Thus, the district court concluded that Las Vegas' licensing procedures must meet the strict constitutional standards imposed on all statutes which impinge upon First Amendment rights. We disagree.

Las Vegas characterized the entertainment provided by Nevada Industries as a "nude show" in order to demonstrate that respondent made misrepresentations on its business license applications. Las Vegas revoked Nevada Industries' business licenses not because of the forms of expression which occurred at their operations, but for the simple reason that respondent perpetrated a fraud upon Las Vegas. Therefore, Nevada Industries' First Amendment rights are not dispositive of this case.

We note that under our decision in this case, Nevada Industries remains free to reapply for new business licenses. However, should they continue to operate as a sexually oriented business, Las Vegas Municipal Code section 19.74.030 provides a basis for denying their licenses.

Accordingly, we reverse that portion of the district court's decision which permanently enjoined Las Vegas from using its municipal ordinances to revoke Nevada Industries' business licenses. However, we affirm the district court insofar as it enjoined the imposition of Las Vegas' $50,000 fine upon respondent.

According to Las Vegas Municipal Code section 6.88.120, after a hearing on a dispute, the board of commissioners shall render a decision on the merits, including "the penalty to be imposed, if any." After concluding that Nevada Industries violated Las Vegas' business licensing ordinances, the board of commissioners fined respondents $50,000.

Generally, municipalities enjoy the power to enforce their ordinances using fines. Commonwealth v. Cabell, 185 A.2d 611, 616 (Pa.Super.Ct. 1962). However, the ordinance must fix a valid maximum penalty. Verona v. Shalit, 232 A.2d 431, 433 (N.J.Super.Ct.App.Div. 1967). Because the penalty provision of section 6.88.120 fails to provide any limitation on the fines imposed, that clause is void. Id.

Municipal ordinances must not be oppressive. Hunter v. City of Atlanta, 91 S.E.2d 338, 340 (Ga. 1956). In its present form, section 6.88.120 is invalid because it vests Las Vegas officials with unlimited discretion to establish fines. A standardless ordinance invites discriminatory enforcement. Baer v. City of Wauwatosa, 716 F.2d 1117, 1124 (7th Cir. 1983). Because of the great risk of excessive fines resulting from enforcement of the penalty provision, it cannot stand.[4] Nev. Const. art. 1, § 6.

---

[4]According to NRS 193.170, whenever a statute prohibits the performance of any act but fails to impose a penalty for the violation thereof, commission

When invalid provisions of a municipal ordinance are severable without defeating the objectives of the ordinance, we sustain and give effect to valid portions of the ordinance.[5] City of Portland v. Dollarhide, 692 P.2d 162, 167 (Or.Ct.App. 1984). Accordingly, we sustain the validity of the remaining portions of section 6.88.120.

Therefore, we affirm the judgment of the district court insofar as it enjoins the imposition of Las Vegas' fine on Nevada Industries, and reverse that portion of the district court's decision which permanently enjoined Las Vegas from using its municipal ordinances to revoke Nevada Industries' business licenses.[6]

STEFFEN, SPRINGER, and MOWBRAY, JJ., concur.

---

of the act shall be a misdemeanor. When, as in the instant case, a corporation stands convicted of an offense which, for a natural person, would be punishable as a misdemeanor, and the law prescribes no other punishment, the corporation's fine shall not exceed $1,000. NRS 193.160. Therefore, under the present ordinance, Las Vegas could not fine Nevada Industries more than $1,000.

[5]We note that the vague penalties referred to in section 6.88.120 can easily be clarified by amendment.

[6]THE HONORABLE ROBERT E. ROSE, Justice, did not participate in the decision of this appeal.