615 A.2d 275

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. VINCENT CAPACI, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 15, 1992—Decided October 30, 1992.

---

Before Judges PRESSLER, R.S. COHEN and MUIR, Jr.

*Karas, Kilstein, Hirschklau, Feitlin, Kopf & Baime,* attorneys for appellant (*Andrew J. Karas* on the brief).

*Ralph L. DeLuccia, Jr.,* Corporation Counsel, attorney for respondents the State of New Jersey and the City of Paterson (*Robert Brigliadoro,* Assistant Corporation Counsel, on the brief).

The opinion of the court was delivered by

R.S. COHEN, J.A.D.

Defendant Vincent Capaci and his wife owned residential rental property in Paterson. The record does not show whether it was a single residence or a multi-unit building. They sold the property in 1989, while it was occupied by a tenant or tenants, without complying with Article 29 of Chapter 13 of Paterson's codified ordinances. Defendant was found guilty in the municipal court and then in the Law Division of violating the ordi-

nance, and was fined $40 and assessed $10 in costs. We reverse.

Article 29 concerns lead paint in dwellings. It was enacted pursuant to municipalities' general police power, and pursuant to *N.J.S.A.* 24:14A–1 to –11, which prohibits the use of lead paint in certain circumstances, and requires its removal and disposal when it constitutes a danger to persons.

The statute prohibits the application of lead paint to toys, furniture, the exposed interior surfaces of any dwelling, or any exterior surface that is readily accessible to children. *N.J.S.A.* 24:14A–1. It also prohibits knowingly selling or offering to sell toys or furniture to which lead paint has been applied, or knowingly transferring or exchanging such toys or furniture if the lead paint will be readily accessible to children. *N.J.S.A.* 24:14A–2. Violators of the statute are declared to be disorderly persons. *N.J.S.A.* 24:14A–3. Such persons are punishable under the Criminal Code by imprisonment for up to six months. *N.J.S.A.* 2C:43–8.

The lead paint statute goes on to declare as a public nuisance the presence of lead paint on the interior of a dwelling or on any exterior surface, readily accessible to children, which causes a hazard to anyone coming in contact with it. *N.J.S.A.* 24:14A–5. The local board of health or other locally constituted health agency (*N.J.S.A.* 24:14A–4e) is given "the primary responsibility for investigation of violations under this act and the enforcement of this act, ..." *N.J.S.A.* 24:14A–6. It can order the removal and appropriate disposition of lead paint from dwellings, *N.J.S.A.* 24:14A–7; in high risk cases, it can order remediation within 10 days. *N.J.S.A.* 24:14A–8. Failure of a property owner to comply with an order of the local board to correct a violation permits the board to take the corrective action, sue the owner and/or have a property lien for the expense. *N.J.S.A.* 24:14A–9. If a local board is not doing its job, the State Department of Health can step in. *N.J.S.A.* 24:14A–10. The Department also has the authority to issue

rules and regulations. *N.J.S.A.* 24:14A–11. The statute contains no provisions for inspections or remediation before rentals or property transfers.

The Paterson ordinance contains such provisions. It requires the owner of every dwelling [1] to obtain a "compliance letter" from the city Division of Health before allowing occupancy by a new tenant or before transfer of title to a new owner. The compliance letter is issued by the city health officer stating that the dwelling has been found free of any lead paint or any violation of the requirements of the statute or the ordinance. It is issued only after an inspection, which "must be conducted while the dwelling is vacant" no more than 30 days before new tenancy or transfer of title. If the inspection reveals lead paint violations, the owner must remove and dispose of it, and the property is then reinspected. A person found to be in violation of the ordinance "shall be adjudged a disorderly person."

■ The ordinance is in some respects patterned on a Paterson ordinance requiring an inspection for certification of occupancy at the commencement of any tenancy, which was upheld by the Supreme Court in *Dome Realty, Inc. v. Paterson,* 83 *N.J.* 212, 416 *A.*2d 334 (1980). There are differences, however, between that ordinance and this, and in the settings in which they operate. Defendant raises a number of troublesome objections to the validity of the lead paint ordinance. One of them is dispositive and requires a reversal. It is that the penalty provision is invalid. It subjects a disorderly person to punishment of up to six months' incarceration. *N.J.S.A.* 2C:43–8. The authority of a municipality to prescribe penalties for ordinance violations is found in *N.J.S.A.* 40:49–5. The limit of that authority is incarceration for 90 days. The ordinance penalty provision is therefore invalid as exceeding the municipal authority.

---

[1] The ordinance has been amended to exempt owner-occupied single family dwellings from its operation.

It is not only the excess that is invalid. We cannot blue-pencil the unlawful provision to delete the offending overage and rescue the valid remainder, even though defendant received a sentence that would have been proper under a lawful ordinance provision. The penalty provision is wholly invalid, and cannot support an otherwise appropriate sentence. *Verona v. Shalit*, 96 *N.J.Super.* 20, 232 *A.*2d 431 (App.Div.1967); *State v. Laurel Mills Sewerage Corp.*, 46 *N.J.Super.* 331, 134 *A.*2d 720 (App.Div.1957).

■ Defendant's conviction cannot stand without a penalty, and therefore the judgment of the Law Division must be reversed. The penalty provision is severable, however, and its invalidation does not affect the remainder of the ordinance.

We have not overlooked other issues raised by defendant, and recommend that the City of Paterson have them in mind when it considers enactment of a proper penalty provision. We call particular attention to the concerns expressed in *Upper Deerfield Tp. v. Seabrook Housing Corp.*, 255 *N.J.Super.* 218, 604 *A.*2d 972 (App.Div.1992), without saying that we necessarily agree with all of them.

We note that the pre-closing inspection required by the Paterson ordinance must be conducted while the dwelling is vacant. If that means the occupants of a rented dwelling must be physically out of the premises for the duration of the inspection, that is one thing. But if it means that all rental tenancies must be terminated, and the building is therefore rendered vacant as that term is ordinarily used in property transactions, that is another thing. It may well be beyond municipal authority to require all rental properties to be emptied of tenants as a condition of sale. We suspect that this requirement was modelled on a provision in the certificate-of-occupancy ordinance upheld in *Dome Realty*. The ordinance there, however, operated not at the time of property sale, but only at the time of change in the tenancy of a rented dwelling. For that reason, a period of vacancy, however brief, was to be expected. Requir-

ing inspection during that period is a very different proposition from expecting a selling landlord to evict the tenants from an occupied rental premises in order to prepare for an inspection.

We also suggest consideration of the question whether the particular listing of board of health responsibilities in the lead paint statute should be taken to occupy the regulatory field sufficiently to invalidate the ordinance in spite of the municipality's police power authority under *N.J.S.A.* 40:48–1, –2, –2.12a and –2.12m. This a setting that was not involved in the *Upper Deerfield Tp.* case.

The Paterson ordinance requires all necessary remediation to be accomplished before closing. It therefore allows no means for shifting, as between seller and buyer, the responsibility for performing the work that will make the dwelling conform with the lead paint standards. It permits adjustment of the financial burden, but does not permit closing with agreed conditions as to subsequent remediation measures. This feature of the ordinance appears to run afoul of one of the concerns of the *Upper Deerfield Tp.* court. Interestingly enough, the Paterson rental-premises certificate-of-occupancy ordinance upheld in *Dome Realty* provided for a temporary certificate of occupancy good for thirty days after occupancy and conditioned on correction of minor violations. *See also N.J.S.A.* 13:1K–6 to –13, in which parties to conveyances of properties subject to the Environmental Cleanup Responsibility Act can arrange between themselves to shift remediation responsibilities to the buyer. *T & E Indus., Inc. v. Safety Light Corp.*, 123 *N.J.* 371, 401–02, 587 *A.*2d 1249 (1991). Perhaps these models deserve consideration.

Defendant seeks attorneys' fees incurred as the result of the prosecutor's allegedly repeated and unjustified failures to be prepared to dispose of the case. We have thoroughly considered the argument and find it to be without merit. *R.* 2:11–3(e)(2).

Reversed.