## MATILDA T. LANDIS v. THE BOROUGH OF VINELAND.

The Borough act (*Rev. Sup.*, p. 44) declares that the penalty incurred by persons violating any borough ordinances shall be a fine not exceeding $20, in the discretion of the mayor; a borough ordinance declared that if any person should do certain specified acts, he should incur a penalty not less than $3, nor exceeding $10. *Held*, that the clause of the ordinance prescribing the penalty was inconsistent with the charter, and therefore void. *Held*, also, that the clause of the ordinance defining the offences was inseparably connected with the penal clause, and consequently was likewise void.

On *certiorari*.

Argued at June Term, 1891, before Justices DEPUE, DIXON and REED.

For the prosecutrix, *Samuel W. Beldon*.

The opinion of the court was delivered by

DIXON, J.   The prosecutrix was convicted, before the mayor of the borough of Vineland, of violating the second section of a borough ordinance, which ordained "that if any person shall, at any   *   *   *   public hall   *   *   *   disturb any assembly convened for religious worship or for any other purpose, by unnecessarily making a noise,   *   *   *   every person so offending shall, on conviction, forfeit and pay a fine of not less than three nor more than ten dollars for each offence."

The legality of this conviction is the matter now to be passed upon in this court.

The charter of the borough is "An act for the formation of borough governments," approved April 5th, 1878. *Rev. Sup.*, p. 44.   This act (section 12) authorizes the mayor and council of the borough to pass ordinances " to restrain or punish indecent or disorderly conduct," and " to provide generally for the peace, quiet and good order of said borough, and the welfare and protection of persons and property therein."   It also

(section 8) enacts "that the mayor of said borough   *   *   *
shall have power to arrest without warrant, or to issue his warrant for the arrest of any person guilty, or whom he may have
reason to believe guilty, of any breach of the peace or the
violation of any ordinance of the mayor and council of the
said borough, and to try and determine all causes and complaints aforesaid, and to commit any person so offending to the
lock-up of said borough for any time in his discretion, not exceeding ten days, or to impose a fine not exceeding twenty
dollars, or both."

The foregoing recitals evince an incongruity between the
ordinance and the charter with regard to the pecuniary penalty
to be incurred by persons who offend against the ordinance.
By the charter the penalty may be any sum not exceeding $20,
in the discretion of the mayor; by the ordinance it may not
be less than $3 nor more than $10.   Both of these provisions
cannot stand, and consequently the penalty prescribed by the
ordinance must fall, under the general principle that municipal ordinances inconsistent with the charter are void.   *Dill.
Mun. Corp.*, p. 251, § 317.

It remains to consider the effect of this conclusion upon the
residue of the ordinance, which in substance declares what
shall be an offence.

The principle to be applied is, that if part of a law be void,
other essential and connected parts are also void; but, where
that part which is bad is independent and not essentially connected with the remainder, the latter will stand.   *Staats* v.
*Washington*, 16 *Vroom* 318, 325; *S. C.*, 17 *Id.* 209.

In applying this principle, the question to be decided is,
whether it is clear that, if the void part of the enactment be
obliterated, the residue will still express that which the legislator intended to become law and which is enforceable as law.

In the present case the mayor and council ordained that
certain acts should be visited with a fine not exceeding $10.
Is it clear that they intended that such acts might be visited
with a fine of $20?   Is it clear that, if they had understood
that the penalty might amount to $20, they would have de-

fined the prohibited conduct in the same terms? I think not. The misconduct and the penalty denounced by them must have been connected in their minds as essential parts of a single law. If the court should substitute the statutory penalty for that fixed in the ordinance, a law would be framed which the legislative power has not expressed its intention to enact.

The ordinance under which the prosecutrix was convicted is wholly void, and her conviction must therefore be reversed.