845 A.2d 692 (2004)
368 N.J. Super. 190
KVAERNER PROCESS, INC., a division of Kvaerner US, Inc., Plaintiff-Respondent,
v.
BARHAM-McBRIDE JOINT VENTURE, The Barham McBride-Company, Incorporated, formerly known as The Frank A. McBride Company, Inc., and Thomas H. Barham Company, Defendants-Appellants.
Superior Court of New Jersey, Appellate Division.
Argued March 16, 2004.
Decided April 6, 2004.
*693 *694 Marc D. Haefner, Roseland, argued the cause for appellants (Connell Foley, attorneys; Michael X. McBride and Tricia B. O'Reilly, of counsel; Ms. O'Reilly and Mr. Haefner, on the brief).
Robert A. Drucker, River Edge, argued the cause for respondent (Peckar & Abramson, attorneys; Mr. Drucker and Andrew D. Ceitlin, on the brief).
Before Judges KESTIN, AXELRAD and LARIO.
The opinion of the court was delivered by
KESTIN, P.J.A.D.
Defendants appeal from a trial court order granting the discharge of a construction lien claim and awarding attorneys' fees and costs to plaintiff. We vacate the order and remand for further proceedings.
The action commenced with plaintiff's order to show cause and complaint filed on January 14, 2003. Defendants, sub-contractors on the Tosco Bayway Refinery Polypropylene Plant Project (the project), had filed a $1,726,677.86 construction lien on December 6, 2002, pursuant to the Construction Lien Law (the Act), N.J.S.A. 2A:44A-1 to -38, against the implicated property of Bayway Refining Company (Bayway). Plaintiff, the general contractor on the project, alleged in the complaint that the lien was defective in several particulars, and sought an order discharging the lien claim and barring defendants "from filing any further liens arising out of the work which forms the basis of the defective lien;" as well as a judgment for all expenses incurred in the discharge of the lien claim, costs of suit and attorneys' fees.
After issue was joined on February 21, 2003, and the parties were heard on the return of the order to show cause on February 27, the trial court held a plenary hearing on March 27 limited to the issue whether defendants had sufficient support for the amount of the lien. The trial judge's findings and conclusions were articulated in a letter opinion dated May 20, 2003. Her disposition was memorialized in an order entered on June 10, directing discharge of the lien claim and awarding plaintiff $32,411.71 in attorneys' fees and costs.
The lien claim form recited that the contract amount, initially, had been $15,110,000 and that amendments to the contract had come to $56,612,700.86, resulting in a total of $71,722,700.86. The form noted that $69,996,023 had been paid, leaving an asserted balance of $1,726,677.86 as the "total lien claim amount." The complaint, in seeking discharge of the lien, alleged that the lien claim was "defective, willfully overstated *695 and in substantial violation of N.J.S.A. 2A:44A-1 et seq. in that the amount ... was far in excess of the agreed upon contract price, which [was] misstated in the construction lien claim." The complaint asserted "that there was no unpaid balance under the contract at the time that the construction lien claim was filed." By way of basis for the additional relief sought, the complaint alleged that defendant had previously filed a $10,776,625 lien claim, "which the court dismissed in its entirety[,]" and in respect of which a motion for reconsideration had been denied. The complaint referred to defendants' "willful violation of the [Act] ... evidenced by the filing of the instant construction lien in complete disregard to the Court's two prior rulings."[*]
On the basis of the evidence received at the plenary hearing and post-hearing submissions, the trial judge concluded that the lien lacked a reasonable basis "and must be discharged." She noted that it was not possible, in this proceeding, to determine the exact amount due to defendant, if any, and that that question would be determined in a pending action in federal court, in which defendants allege a breach of contract against plaintiff and are seeking contract damages and quantum meruit recovery. The judge found that the transactions between the parties nominally qualified for construction lien eligibility and that the materials and labor evidenced by certain invoices had actually been delivered to the project. She determined, however, that defendants had not proved either the amount claimed in the lien or that plaintiff owed defendant any additional funds. According to the judge, the invoices offered by defendant were insufficient to establish the positions advanced. Even viewing the proofs most favorably for the lienor, the judge found that the proper "lienable amount" was less than $1,513,855. She determined, therefore, "that the lien is overstated by at least $212,823[,]" and found that defendant had "included legal fees of $22,000 in its lien claim, when it knew ... the contract did not provide for it[.]" This, the judge concluded, was "evidence of bad faith." On these bases, the judge held "that the lien is willfully overstated and without basis and must be discharged." Counsel fees were awarded pursuant to N.J.S.A. 2A:44A-15.
On appeal, defendants argue that the trial court erred in several particulars: in granting the relief plaintiff sought, because the Act does not provide for such a cause of action; in placing the burden of proof on defendants and denying them discovery; in its evaluation of the evidence and its understanding of the contract between the parties; and in awarding counsel fees on the basis of a flawed finding that the lien was willfully overstated and without basis.
There has been considerable dispute between the parties for some time over the amount due defendants, if any, under the modified contract between them. That dispute informs the federal court litigation between them, and has spilled over into the State courts as defendants have sought to avail themselves of their rights under the Act.
Adopted in 1993 to replace the then extant Mechanics' Lien Law, see Sovereign Bank v. Silverline Holdings Corp., 368 *696 N.J.Super. 1, 3, 845 A.2d 159 (App.Div. 2004), the Act "recognizes the validity of construction liens, N.J.S.A. 2A:44A-3, with the exception of certain enumerated prohibited liens set forth in N.J.S.A. 2A:44A-5. It provides the form for a claim, N.J.S.A. 2A:44A-8, the requirements for the filing of a lien claim, N.J.S.A. 2A:44A-6, and the manner of service of such claims. N.J.S.A. 2A:44A-7."
Defendants argue that the Act establishes the exclusive remedies available to lien claimants and owners in response to the filing of a construction lien, and that, notwithstanding plaintiff is neither a claimant nor an owner, the Act precludes plaintiff's action here. Plaintiff argues that this issue may not be addressed because it is raised for the first time on appeal, and that, if considered, it lacks merit.
Appellate courts ordinarily decline to consider issues not presented to the trial court unless they "go to the jurisdiction of the trial court or concern matters of great public interest." Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234, 300 A.2d 142 (1973). Defendants do not dispute that they raise this issue for the first time on appeal, but contend that it pertains to jurisdiction and is of public importance. They contend, in addition, that it was inherent in the issues they did raise below. See Floyd v. Morristown European Motors, Inc., 138 N.J.Super. 588, 592, 351 A.2d 791 (App.Div.1976) (issue not raised below may be considered if inherent to issues raised).
We reject defendants' argument that this issue goes to the jurisdiction of the trial court. There is no question that the trial court, a court of general jurisdiction, is legally authorized to decide the underlying questions presented in the matter. See Abbott v. Beth Israel Cemetery Ass'n, 13 N.J. 528, 537, 100 A.2d 532 (1953); Carroll v. United Airlines, Inc., 325 N.J.Super. 353, 357, 739 A.2d 442 (App.Div.1999). Nor does the issue meet the inherency test of Floyd.
In a general sense, the public interest exception does not apply, either. We discern no great issue of public moment in whether a contractor may be permitted to challenge the validity of a claim filed under the Act in a proceeding of this type. Yet, because plaintiff has elected to proceed offensively, we are confronted with an issue of significance to those governed by the Act. It is a question of first impression. In order to contribute to stability and predictability in an important area of endeavor, we will address the issue. See, e.g., Maietta v. New Jersey Racing Comm'n, 183 N.J.Super. 397, 401, 444 A.2d 55 (App. Div.1982), aff'd, 93 N.J. 1, 459 A.2d 295 (1983); Brown v. Shaw, 174 N.J.Super. 32, 38-40, 415 A.2d 360 (App.Div.1980); State v. Laurel Mills Sewerage Corp., 46 N.J.Super. 331, 334, 134 A.2d 720 (App. Div.1957).
The Act defines "contractor" as "any person in direct privity of contract with the owner of real property for improvements thereto," and "subcontractor" as "any person providing work or services in connection with the improvement of real property pursuant to a contract with a contractor or pursuant to a contract with a subcontractor in direct privity of contract with a contractor." N.J.S.A. 2A:44A-2. The lien in this matter is nominally authorized by N.J.S.A. 2A:44A-3, which provides in part:
Any contractor, subcontractor or supplier who provides work, services, material or equipment pursuant to a contract, shall be entitled to a lien for the value of the work or services performed, or materials or equipment furnished in accordance with the contract and based upon *697 the contract price, subject to the provisions of [N.J.S.A. 2A:44A-9 and -10].
Although plaintiff is neither the lien claimant nor the property owner, it is undisputably a party in interest because N.J.S.A. 2A:44A-12 authorizes an owner, "[u]pon receipt of notice of a lien claim,... to withhold and deduct the amount claimed from the unpaid part of the contract price ... due and payable to the contractor[.]" Based upon the primary contract on the project, the owner looked to plaintiff to effect discharge of the lien, and is thus not a party to this suit.
Typically, a timely enforcement action would follow the filing of a lien claim. N.J.S.A. 2A:44A-14a provides:
A claimant filing a lien claim shall forfeit all rights to enforce the lien, and shall immediately discharge the lien of record, if the claimant fails to bring an action in the Superior Court, in the county in which the real property is situated, to establish the lien claim:
(1) Within one year of the date of the last provision of work, services, material or equipment, payment for which the lien claim was filed; or
(2) Within 30 days following receipt of written notice, by personal service or certified mail, return receipt requested, from the owner requiring the claimant to commence an action to establish the lien claim.
In such an enforcement action brought against the property owner, plaintiff would have been joined as a defendant. "A claimant shall join as party defendants the contractor or subcontractor who is alleged to have failed to make the payments for which the lien claim has been filed and any other person having an interest in the real property that would be adversely affected by the judgment." N.J.S.A. 2A:44A-16a.
N.J.S.A. 2A:44A-15a expressly provides for the forfeiture of lien rights when a claim is defective:
If a lien claim is without basis, the amount of the lien claim is willfully overstated, or the lien claim is not filed in substantially the form or in the manner or at a time not in accordance with the provisions of this act, the claimant shall forfeit all claimed lien rights and rights to file subsequent lien claims to the extent of the face amount claimed in the lien claim. The claimant shall also be liable for all court costs, and reasonable legal expenses, including attorneys' fees, incurred by the owner, contractor or subcontractor, or any combination of owner, contractor and subcontractor, in defending or causing the discharge of the lien claim. The court shall, in addition, enter judgment against the claimant for damages to any of the parties adversely affected by the lien claim.
N.J.S.A. 2A:44A-15b provides, in parallel, that a party maintaining a defense to a lien claim pay legal expenses if that defense is without basis.
Although the issue of the validity of the lien claim would ordinarily be addressed in an enforcement action, the statutory scheme does not necessarily restrict it to that context. In an appropriate situation, with fitting procedural and substantive protections, a challenge such as is presented by the instant complaint may be permitted.
In Thomas Group, Inc. v. Wharton Sr. Housing, Inc., 163 N.J. 507, 513-14, 750 A.2d 743 (2000), the Court set forth four options open to the owner of a property on which a construction lien claim has been filed and served:
(1) the owner can pay the lien claimant, or the party owing the lien claimant can pay the claimant, and the claimant must discharge the lien claim within 30 days of payment (N.J.S.A. 2A:44A-12, -30); (2) the owner can post a bond equal to 110% of the lien claim as substitute security for the liened property (N.J.S.A. *698 2A:44A-31); (3) the owner can serve a demand on the lien claimant to start a lawsuit within 30 days (N.J.S.A. 2A:44A-14(a)(2)); (4) the owner can do nothing and the lien claimant must initiate a lawsuit within one year from the date the last work was provided (N.J.S.A. 2A:44A-14(a)(1)).
Defendants contend that these four options constitute the only responses to a lien filing permitted by the Act, and they argue that the only authorized judicial action is an enforcement action brought by the lien claimant. They also argue that N.J.S.A. 2A:44A-30b, which prescribes a procedure for discharge by court order when a claim is satisfied, paid, settled or forfeited, and the claimant fails to file the necessary certificate, provides the exclusive procedure for discharge of a lien claim by court order on application of another party in interest.
Nothing in the Act indicates that the remedies provided are exclusive. N.J.S.A. 2A:44A-30b does not expressly preclude consideration of the claims made by a plaintiff in an action of this type. No provision in that section, or any other, fairly suggests that a court cannot order discharge of a lien claim it finds lacking in factual basis. N.J.S.A. 2A:44A-33a(3) provides that a lien claim may be discharged "pursuant to an order of discharge by the court," without any stated limitation on the procedures used to obtain an order of discharge.
That is not to say the arguments defendants advance are entirely without facial merit. The procedure employed here, if not carefully monitored, could be used to frustrate or circumvent the statutory procedures contemplated in the Act. A respected commentary does not refer to any separate right of a general contractor who allegedly failed to make payment to bring an action challenging the lien. Instead the reference is to the statutory requirement that such a party be joined as a defendant in the enforcement action. See 21 New Jersey Practice, Skills and Methods, Chapter 40, Construction Liens §§ 2561-2573, 2569 (John Lichtenberger) (3d ed.1995).
Nevertheless, we have been given no persuasive reason to see ordinary judicial remedies as precluded simply because the Act affords no express remedy to contractors. See Craft v. Stevenson Lumber, 179 N.J. 56, 65, 843 A.2d 1076 (2004) (where the Supreme Court notes, without comment, that the lienee "filed a Complaint against [the lienor] demanding a judgment dismissing the Construction Lien Claim"). To the contrary, our system prides itself on the prompt and efficient resolution of disputes. See, e.g., Oswin v. Shaw, 129 N.J. 290, 306, 609 A.2d 415 (1992); Cogdell v. Hospital Center, 116 N.J. 7,15, 560 A.2d 1169 (1989); R. 4:67 (summary actions). In Gallo v. Sphere Const. Corp., 293 N.J.Super. 558, 681 A.2d 1237 (Ch.Div. 1996), the court ordered discharge of a construction lien in response to a verified complaint and order to show cause filed by the property owner. Id. at 561, 566, 681 A.2d 1237. Apparently, there was no claim in that case that the property owner should have demanded an enforcement action instead of filing suit itself.
Some mechanics' lien statutes expressly provide procedures for summary discharge of a filed lien before an enforcement action is commenced. See 53 Am.Jur.2d Mechanics' Liens § 235 (1996). See also, e.g., Rure Assocs., Inc. v. DiNardi Const. Corp., 917 F.2d 1332, 1334 n. 1 (2d Cir. 1990) (noting that New York Lien Law permits a contractor or any other party in interest to apply to the court for an order summarily discharging an invalid lien for public improvement). We discern no good reason why the absence of such a provision should be seen to proscribe a similar remedy under common law.
*699 We are mindful that N.J.S.A. 2A:44A-14a(2) confers upon a lienee the opportunity to force an evaluative review of the lien claim. Logic suggests that the property owner's representative, a general contractor, should have the same opportunity. Nevertheless, a general contractor's or owner's ability to require justification offensively or defensivelyfor the lien may not be used to impair unduly the substantial rights conferred upon lienors by the Act. See Craft, supra, 179 N.J. at 70, 843 A.2d 1076 (noting that "the intent of the Legislature" in adopting the Act was "to benefit contractors, subcontractors, and suppliers who furnish labor and materials by guaranteeing that the available lien fund is not improperly reduced or otherwise circumscribed"). A lien under the Act protects the property "to the extent that payments the owner has made are subtracted from the total contract price in measuring the lien fund." Id. at 71, 843 A.2d 1076. Trial courts faced with a complaint such as the one in this matter must exercise great care in evaluating the sufficiency and good faith of a plaintiff's claims, and must apply procedures creatively crafted toward that end, before permitting the challenge to go forward as occurred here. Among other purposes, the fee and cost assessment authority conferred by N.J.S.A. 2A:44A-15 should be used with discernment to discourage premature challenges that are lacking in apparent merit or betoken doubtful good faith.
With these thoughts in mind, we see no basis for questioning the trial judge's wellconsidered determination to proceed in this matter in the manner she chose. Accordingly, we turn to the merits.
We reject defendants' argument that the trial court misallocated the burden of proof. If a lien claimant may, one way or another, be required to "establish the lien claim," N.J.S.A. 2A:44A-14a, it is fitting that, irrespective of the lienor's formal status in the litigation at hand, it should be required to shoulder the burden of proof to justify its claim. Once the trial court here determined to receive proofs on the issue whether defendants had sufficient support for the amount of the lien, the question, as contemplated in N.J.S.A. 2A:44A-14a, was not simply whether there was a good faith basis for the lien, but also whether the underlying claim could be established. Placing the burden of proof on plaintiff would have required that party to prove a negative, an eventuality that should be avoided whenever possible. See Carter-Wallace, Inc. v. Admiral Ins. Co., 154 N.J. 312, 330-31, 712 A.2d 1116 (1998).
Defendants contend, also for the first time on appeal, that they were prejudiced by the trial court's limitation of discovery to evidence that there was a contractual basis for the amount of the lien claim. The court stated that discovery would not extend to all evidence of the validity of the contract, which was the subject of the federal court action. Because defendants did not object below, their argument on appeal is subject to the plain error standard of review, requiring a showing of error "clearly capable of producing an unjust result." R. 2:10-2.
Defendants explain that they were prejudiced because plaintiff contended there was no written amended contract to increase the target price to over $80 million. Defendants assert the existence of other documents that would have supported their claim that plaintiff did contract to pay for the labor and material overrun charges that informed the lien claim.
Defendants were clearly entitled to such discovery as was necessary for them to meet the issue posed by plaintiff's complaint, i.e., to establish the validity of the lien claim. We can understand the trial court's reticence to broaden the issues to the extent of litigating the questions that *700 were pending in the federal lawsuit on contract and quantum meriut claims. Nevertheless, if defendants were required, short of so detailed a showing, "to establish the lien claim," they were entitled to discovery on every contention plaintiff was advancing to challenge the lien claim.
We recognize that the issues before the trial court were limited by the nature of the proceeding, and we subscribe to the notion that a proceeding to establish a lien claim cannot be transmuted into a trial on the underlying contract. The ultimate question before the court in a proceeding such as this is a more limited one: whether there is an adequate basis for a construction lien. The limited character of the issue to be determined dictates that the proofs be limited concomitantly. Nevertheless, when a lienee, in attacking the basis for the lien, places in question the existence of an agreement to provide the services or materials on which the lien claim is based, the court is obliged to determine, without fully addressing the details of the parties' contractual arrangement, at least whether the lien claimant has an arguable basis for the contractual arrangement which is at the heart of the lien claim. This being so, the party challenged has a right to such discovery as may pertain to the issue to be proved. Our review of the record discloses that defendants' discovery opportunities were unduly limited for the proof burden they were expected to satisfy in the light of the issues posed by plaintiff in challenging the lien claim. Accordingly, the matter must be remanded for additional proceedings after defendant has been afforded such discovery as may be necessary to meet the limited issues before the court.
With this disposition, we need not address the issue raised by defendants whether the trial court misunderstood the contract between the parties. And, the award of counsel fees must also be vacated pending the further consideration we have ordered. The determination which, if either, party is entitled to the fee and cost remedies established in N.J.S.A. 2A:44-15, must abide the event. The question is primarily one of good faith or the absence thereof. It is clear from the terms of the statute that, in order for those remedies to be available, the court must find that either the lien claim or the challenge to it was "without basis."
The trial court's order is vacated and the matter is remanded for further proceedings.
NOTES
[*] The first construction lien claim had been filed on August 5, 2002, in the amount of $10,776,625. On August 15, 2002, plaintiff filed an order to show cause, seeking to discharge the lien. On September 26, 2002, the trial court discharged the lien based on the lack of proof that "$10.7 million plus [was]... the correct amount ... still due and owing." The judge found no willful overstatement, however, and stated that the lien could be refiled "subsequent to the conclusion of the federal proceeding establishing the amount[.]"