**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3112-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JUAN J. FIGUEROA,

    Defendant-Appellant.

_____

Submitted August 1, 2018 — Decided August 7, 2018

Before Judges Hoffman and Currier.

On appeal from Superior Court of New Jersey,
Law Division, Passaic County, Municipal Appeal
No. 6023.

Juan J. Figueroa, appellant pro se.

Camelia M. Valdes, Passaic County Prosecutor,
attorney for respondent (Marc A. Festa, Senior
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

    Pro se defendant Juan J. Figueroa appeals from the February

15, 2017 Law Division judgment finding him guilty of driving while

intoxicated (DWI), N.J.S.A. 39:4-50; DWI in a school zone, N.J.S.A.

39:4-50(g); possessing an open container of alcohol in a motor vehicle, N.J.S.A. 39:4-51b; careless driving, N.J.S.A. 39:4-97; and refusal to submit to a breath test, N.J.S.A. 39:4-50.4a. Defendant contends the State violated his right to a speedy trial and his right to due process by failing to preserve evidence. Finding no violation, we affirm.

I

We previously remanded this case to the Law Division to address defendant's appeal on the merits. The factual background is discussed at length in our prior opinion. State v. Fiqueroa, No. A-3265-14 (App. Div. Jan. 24, 2017) (slip op. at 2-5). A brief summary will suffice here.

On June 28, 2013, police observed defendant driving erratically, pulled him over, and detected a strong odor of alcohol. Defendant failed multiple field sobriety tests and refused to submit to a breath test. Police also found an open bottle of alcohol in defendant's car. Eight months after his arrest, defendant made a discovery request for electronically-stored information. The State sent defendant computer aided dispatch (CAD) reports and further responded that any other electronic data had been deleted before defendant's request as part of routine maintenance. Defendant sent the court letters requesting a dismissal for "lack of speedy trial" and "lost or

destroyed evidence." Defendant orally argued the motion regarding lost evidence, which the court denied. Defendant failed to raise the motion regarding a speedy trial even after the judge asked if there were any other motions.

After the municipal court found defendant guilty of all charges, defendant filed a de novo appeal to the Law Division. On January 8, 2015, the Law Division judge dismissed the appeal because defendant was not in the courtroom when the judge called his case. However, defendant actually arrived early for the hearing and waited outside the courtroom for his case to come up. Because the record contained no indication of anyone checking the hallway outside the courtroom to see if defendant was present before the court dismissed his appeal, we vacated the dismissal order and remanded the matter to the Law Division for trial. Id. at 8.

On February 15, 2017, the Law Division conducted a trial de novo. After hearing oral argument from defendant and the prosecutor, the judge made substantially similar findings to the findings the municipal court judge made and found defendant guilty of all charges. Specifically, the judge found:

> I find that Officer Van Gough was justified in stopping defendant's motor vehicle. He observed defendant driving at approximately [forty-five] and [fifty] miles per hour in a [twenty-five] mile per hour speed zone.

When turning onto Broad Street, approximately one half of defendant's vehicle crossed over a double yellow line.

Consequently, [Officer Van Gough] observed violations of the motor vehicle act. He had an articulable and reasonable suspicion that the defendant had violated motor vehicle laws.

. . . .

Although defendant refused to submit to a[n] [Alcotest], so that his blood alcohol concentration could be measured, I find that [t]he State has proven beyond a reasonable doubt that defendant was under the influence of alcohol . . . and that his mental faculties were so impaired that it was unsafe for him to operate a motor vehicle.

The judge based his conclusion on defendant's erratic driving, his bloodshot and watery eyes and strong odor of alcohol, his poor performance on all three field sobriety tests, and the professional opinions of both Officer Van Gough and Sergeant Brodie "that defendant was under the influence of alcohol, to the extent that it was improper or wrong for him to drive." The judge further found Officer Van Gough and Sergeant Brodie "credible in their testimony. Each were knowledgeable about the events which took place and gave clear testimony."

The judge found Officer Van Gough had probable cause to request defendant to submit to the Alcotest, "based upon defendant's driving, smell of alcohol and poor performance on the

field sobriety tests." When the officer requested defendant submit to the test, defendant responded, "I refuse." The judge also found defendant guilty of driving while intoxicated in a school zone based on a school zone map in evidence. The judge found defendant guilty of the open container charge based on Officer Van Gough's observation of an open bottle of alcohol with some liquid missing. Finally, the judge found defendant guilty of careless driving based on his excessive speed and his vehicle crossing over a double yellow line.

After merging the careless driving charge and the DWI in a school zone charge, the Law Division judge imposed the same sentence as the municipal court judge, ordering: suspension of defendant's driver's license for four years; forty-eight hours at an Intoxicated Driver Resource Center; installation of an ignition interlock device during the license suspension period and two years after; one day jail time with credit for one day already served; a $1250 fine; and mandatory penalties and assessments.

This appeal followed. Defendant's brief contained the following point heading:

> I JUAN FIGUEROA BELIEVE THAT I AM INTITLED TO
> EXCULPATORY EVIDENCE. AFTER SIX CERTIFIED
> MOTION AND THE PROSECUTION DELAY CAUSED
> EROSION OF DUE PROCESS. THE 14TH AMENDMENT
> PROVIDE FOR THE AVAILABILITY OF EVIDENCE. THE
> PROSECUTION CANNOT EVADE BRADY REQUIREMENTS BY
> KEEPING ITSELF IGNORANT OF INFORMATION. I

ALSO BELIEVE MY RIGHTS TO A SPEEDY TRIAL WERE VIOLATED WHEN THE JUDGE SKIP MY CERTIFIED MAIL MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL WHICH VIOLATES MY 6TH AMENDMENT AND MY RIGHTS TO DUE PROCESS. I ALSO BELIEVE MY RIGHTS TO DUE PROCESS WERE VIOLATED FOR THE SECOND TIME FOR DISQUALIFICATION UNDER 28 U.S.C § 47 PROVIDES THAT "NO JUDGE SHALL HEAR OR DETERMINE AN APPEAL FROM THE DECISION OF A CASE OR ISSUE TRIED BY HIM[.]"

## II

The United States and New Jersey Constitutions guarantee a defendant the right to a speedy trial. U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10. To determine if a speedy trial violation exists, we must consider four factors: "[l]ength of delay, the reason for the delay, the defendants assertion of his right, and prejudice to the defendant." Barker v. Wingo, 407 U.S. 514, 530 (1972). No single factor under this four-part test is dispositive; rather, they are related and must be considered together, along with any "such other circumstances as may be relevant." State v. Szima, 70 N.J. 196, 201 (1976). "[N]o set length of time . . . fixes the point at which delay is excessive." State v. Tsetsekas, 411 N.J. Super. 1, 11 (App. Div. 2009). The remedy for a violation of the right to a speedy trial is dismissal of the indictment. Barker, 407 U.S. at 522. However, a trial judge's factual determination on a speedy trial issue "should not be overturned

A-3112-16T2

unless clearly erroneous."  State v. Merlino, 153 N.J. Super. 12, 17 (App. Div. 1977).

"Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below."  State v. Galicia, 210 N.J. 364, 383 (2012).  Parties must timely raise issues so that the trial court can rule on them in a timely manner.  See State v. Witt, 223 N.J. 409, 419 (2015) (quoting State v. Robinson, 200 N.J. 1, 19 (2009)).  "For sound jurisprudential reasons, with few exceptions, our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available."  Ibid. (quoting Robinson, 200 N.J. at 20).  Ordinarily, we "decline to consider issues not presented to the trial court unless they 'go to the jurisdiction of the trial court or concern matters of great public interest.'"  Kvaerner Process, Inc. v. Barham-McBride Joint Venture, 368 N.J. Super. 190, 196 (App. Div. 2004) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

On appeal, defendant asserts that he was not given a trial date until nine months after his arrest, and over the course of eighteen court appearances.  However, defendant failed to provide any transcripts of hearings that occurred during the delay.  Defendant further argues the prosecutor's "unpreparedness and

procrastination" caused the delay, yet he failed to provide any factual support for his bald assertion.

Officer Van Gough arrested defendant on June 28, 2013. On April 2, 2014, defendant submitted a letter titled "MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL" to the municipal court. Defendant then appeared pro se for trial on August 29, 2014; however, defendant failed to pursue this motion. Just before the start of trial court, defendant argued his motion regarding electronically-stored data, which the court denied. The court then asked if there were "[a]ny other pretrial motions?" Defendant remained silent and the trial transcript contains no mention of defendant's speedy trial motion. Accordingly, the Law Division judge found that defendant failed to raise the speedy trial issue in municipal court, "where it should have been addressed when [the judge] asked if there were any further motions." Regardless, the judge did not "see any impairment to the defense because of the delay here."

Defendant's failure to raise the speedy trial issue deprived the municipal court and the Law Division of the opportunity to consider any available evidence and analyze the Barker factors, and denied the prosecutor the opportunity to refute the assertion that he was partially responsible for the delay. Additionally, defendant admitted he "fired" his attorney, but

failed to provide any evidence that his decision to discharge his attorney did not contribute to the delay.

Regarding prejudice, defendant failed to provide any evidence that the alleged delay impaired his ability to defend the case. Like the Law Division judge, we do not "see any impairment to the defense because of the delay here." Because defendant did not pursue the speedy trial issue in the municipal court and the record otherwise lacks evidence to support his contention, we conclude the Law Division did not err in rejecting defendant's claim that his right to a speedy trial was violated.

                                III

Defendant further contends the prosecutor violated his due process rights by failing to preserve evidence of "electronically-stored" information from the police officer's laptop computer. We disagree.

Due process requires the State disclose exculpatory evidence. Brady v. Maryland, 373 U.S. 83, 87 (1963). A Brady violation occurs when the prosecution suppresses evidence that is material and favorable to the defense. State v. Martini, 160 N.J. 248, 268 (1999) (citing Moore v. Illinois, 408 U.S. 786, 794-95 (1972)). "Evidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" State v. Robertson, 438

N.J. Super. 47, 67 (App. Div. 2014) (quoting State v. Knight, 145 N.J. 233, 246 (1996)) (internal quotation marks and citation omitted).

"When the evidence withheld is no longer available, to establish a due process violation a defendant may show that the evidence had 'an exculpatory value that was apparent before [it] was destroyed' and that 'the defendant would be unable to obtain comparable evidence by other reasonably available means.'" State v. Mustaro, 411 N.J. Super. 91, 102-03 (App. Div. 2009) (alteration in original) (quoting California v. Trombetta, 467 U.S. 479, 489 (1984)). However, a different standard applies to evidence that is only potentially useful. "Without bad faith on the part of the State, 'failure to preserve potentially useful evidence does not constitute a denial of due process of law.'" George v. City of Newark, 384 N.J. Super. 232, 243 (App. Div. 2006) (quoting Arizona v. Youngblood, 488 U.S. 51, 57 (1988)).

When evidence has been destroyed, the court must focus on "(1) whether there was bad faith or connivance on the part of the government, (2) whether the evidence . . . was sufficiently material to the defense, [and] (3) whether [the] defendant was prejudiced by the loss or destruction of the evidence." State v. Hollander, 201 N.J. Super. 453, 479 (App. Div. 1985) (citations omitted).

Defendant contends his "motion regarding the electronically-stored data" referred to the "times of the events" stored in police computers. He submitted his first request for electronic discovery about seven months after his arrest. The State searched for the requested information, but found it was no longer available due to routine purging of computer records. Because defendant requested the information seven months after the arrest, we find it was not unreasonable for the State to have deleted it. We conclude the State made reasonable efforts to provide discovery and did not act in bad faith.

Furthermore, defendant failed to establish that the police computer records would have contained any relevant or exculpatory evidence. Defendant argues the computer records are material to his defense because Officer Van Gough testified he stopped defendant at 2:32 a.m. but the CAD report indicated a 2:38 a.m. time of stop. However, the record supports the municipal court and the Law Division's conclusion that the discrepancy between the CAD report and the officer's testimony regarding the time of the motor vehicle stop did not alter Officer Van Gough's credibility or affect the guilty verdict. Moreover, defendant failed to present evidence that the destroyed computer records impaired his ability to defend the case; therefore, we find no resulting prejudice to defendant.

11                                                        A-3112-16T2

Finally, defendant appears to suggest, in his brief's argument point, that the Law Division judge who initially dismissed his appeal, and then presided at his trial de novo on remand, should have been disqualified. However, defendant's brief failed to address this issue. As a result, we deem the issue waived. See In re Bloomingdale Convalescent Ctr., 233 N.J. Super. 46, 48 n.1 (App. Div. 1989) (noting that an issue not briefed is waived). Regardless, defendant's argument clearly lacks substantive merit as the Law Division judge who presided at the trial de novo did not "determine an appeal" from a case tried by him. When the matter first came before him, the Law Division judge dismissed the case, based upon his mistaken belief that defendant failed to appear; he did not conduct a trial de novo.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3112-16T2