NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1934-17T3

ENDO SURGI CENTER a/s/o
BERNADETTE HARPER,

    Plaintiff-Respondent,

v.

NJM INSURANCE GROUP,

    Defendant-Appellant.

_____

<div style="border:1px solid black">

**APPROVED FOR PUBLICATION**

**June 19, 2019**

**APPELLATE DIVISION**

</div>

Argued December 11, 2018 – Decided February 7, 2019

Before Judges Hoffman, Suter and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-2518-17.

Robert A. Cappuzzo argued the cause for appellant (Chasan Lamparello Mallon & Cappuzzo, PC, attorneys; Robert A. Cappuzzo, of counsel and on the brief; Richard W. Fogarty, on the briefs).

Carl A. Salisbury argued the cause for respondent (Bramnick, Rodriguez, Grabas, Arnold & Mangan, LLC, attorneys; Carl A. Salisbury, on the brief).

The opinion of the court was delivered by

SUTER, J.A.D.

In <u>N.J. Mfrs. Ins. Co. v. Specialty Surgical Ctr. of N. Brunswick</u>, ___ N.J. Super. ___, ___ (App. Div. January 29, 2019) (slip op. at 2), we affirmed trial court orders that "held the PIP[1] medical fee schedule [did] not provide for payment to an ambulatory surgical center (ASC) for procedures not listed as reimbursable when performed at an ASC."  That precedent resolves this case. We reverse the trial court's summary judgment order that granted reimbursement to the ASC because the medical procedure involved in this case was not reimbursable when performed separately at an ASC.

Bernadette Harper, a New Jersey Manufacturers Insurance Company (NJM) insured, sustained injury to her lower back in a February 2012 car accident.  In April 2014, she received a lumbar discography at an ASC operated by Endo Surgi Center in Union (Endo Surgi).  Endo Surgi sought $10,000.02 in reimbursement from NJM for the discography.[2]  NJM denied payment.

The ASC filed a demand for PIP arbitration with Forthright, Inc., an entity that was contracted with the State to provide dispute resolution professionals

---

[1]  "PIP" means personal injury protection as provided for in N.J.S.A. 39:6A-4.

[2]  Endo Surgi's claim requested reimbursement for services on three different dates.  The discography was performed on April 22, 2014.  Endo Surgi's total claim, for all three dates of service, was $13,582.82 in medical benefits.  NJM challenged the discography portion; it did not challenge the remaining $3582.62.

A-1934-17T3

(DRPs) to hear PIP disputes. See Kimba Med. Supply v. Allstate, Ins. Co., 431 N.J. Super. 463, 467 (App. Div. 2013). In November 2016, the DRP ruled in favor of Endo Surgi that the claim was reimbursable. NJM appealed that decision to a three-DRP panel, which reversed the DRP's decision in March 2017 as "contrary to the [l]aw, specifically N.J.A.C. 11:3-29.5."

Endo Surgi filed a Law Division complaint under N.J.S.A. 2A:23A-13 of the Alternative Procedure for Dispute Resolution Act (APDRA) seeking to vacate the three-DRP panel's decision. Endo Surgi contended it was entitled to reimbursement under N.J.A.C. 11:3-29.4(g) because the procedure was reimbursable under Medicare rules. Both parties filed motions for summary judgment. On November 17, 2017, the trial court granted Endo Surgi's cross-motion for summary judgment, ordering reinstatement of the DRP's award that allowed reimbursement, and denying NJM's motion.

Endo Surgi's claim is for reimbursement under the PIP medical fee schedule, N.J.A.C. 11:3-29.1 to -.6 and 11:3-29 (Appendix, Exhibits 1 to 7) (Fee Schedule), for Harper's lumbar discography. The Department of Banking and Insurance (Department) promulgated the Fee Schedule "on a regional basis for the reimbursement of healthcare providers . . . for medical expense benefits . . . under [PIP] coverage . . . ." Specialty Surgical, ____ N.J. Super. at ____ (slip

A-1934-17T3

op. at 3) (alterations in original) (quoting N.J.S.A. 39:6A-4.6(a)). "ASC facility fees are listed in Appendix, Exhibit 1 by CPT[3] Code." Ibid. (quoting N.J.A.C. 11:3-29.5(a)).

This lumbar discography claim was billed under CPT Code 62290. In April 2014, when this claim was submitted, this CPT Code 62290 was listed on the Fee Schedule, but the column listing reimbursement for an ASC did not list any dollar amount for reimbursement, instead it had the notation "N1."

N.J.A.C. 11:3-29.5(a) provides that "[c]odes that do not have an amount in the ASC facility column are not reimbursable if performed in an ASC." In the Department's Frequently Asked Questions (FAQ), the Department explained:

> Question: There is no fee in the ASC facility fee column of Appendix, Exhibit 1 for the service I want to provide in an ASC.
>
> Answer: N.J.A.C. 11:3-29.5(a) and 29.4(e)3 state that when there is no fee in the ASC facility fee column of Appendix, Exhibit 1 for a service, the facility fee for that service is not reimbursable if performed in an ASC. Stated another way, the only facility fees that are reimbursable for services performed in an ASC are those CPT and HCPCS codes that have facility fees listed in the ASC Facility Fee Column of Appendix, Exhibit 1. The fact that, subsequent to the promulgation of the fee schedule rule, [Medicare] may

---

[3] A "CPT Code" means "Current Procedural Terminology" Code.

have authorized additional procedures to be performed in an ASC does not permit an ASC to be reimbursed for those services unless there is an amount listed in the ASC Fee Column of Appendix, Exhibit 1 for the corresponding CPT code. However, certain codes that do not have fees in the ASC facility fee column have "N1" in the payment indicator column. The "N1" payment indicator means that the service can be performed in an ASC but a facility fee is not separately reimbursable because the service is included in another procedure. N.J.A.C. 11:3-29.5(a) and 29.4(e)3 apply only to facility fees and do not apply to physician services.

[(Emphasis added).]

The Law Division judge granted reimbursement because after January 1, 2014, Medicare allowed reimbursement to ASCs that performed this CPT Code. The court did not consider it fair that the Department's PIP medical fee schedule did not allow reimbursement to an ASC "once Medicare indicated that this particular discography performed at a[n] [ASC] facility is reimbursable." The court referenced another regulation, N.J.A.C. 11:3-29.4(g), which provided:

[e]xcept as specifically stated to the contrary in this subchapter [that is, Subchapter 29], the fee schedules shall be interpreted in accordance with the following, incorporated herein by reference, as amended and supplemented: the relevant chapters of the Medicare Claims Processing Manual, updated periodically by [Medicare], that were in effect at the time the service was provided.

[N.J.A.C. 11:3-29.4(g).]

The court stated that the . . . whole point of . . . the language contained in 11:3-29.4(g) and the spirit of that, [is] that the . . . fee should be . . . reimbursable."

On appeal, NJM argues the trial court's order should be vacated because CPT Code 62290 is not reimbursable to ASCs under the Department's PIP Medical Fee Schedule when performed separately.[4]  It contends the trial court did not have the legal authority to amend the Fee Schedule to conform it with Medicare's reimbursement rules.  In doing so, the trial court improperly substituted its judgment for that of the Department.  NJM asks that we exercise "supervisory authority" to correct this significant concern of public policy.

"We exercise de novo review of legal questions."  Specialty Surgical, __ N.J. Super. at __ (slip op. at 9) (citing State v. Gandhi, 201 N.J. 161, 176 (2010); Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).  In Specialty Surgical, we addressed the same legal issue.  In that case, the CPT codes being considered for reimbursement when performed at an ASC were not listed in the Department's medical fee schedule at all.  Id. at __ (slip op. at 4-5).

---

[4]  As NJM explains in its brief, the "ASC may host a procedure utilizing this code but as a packaged procedure, it is not separately reimbursable by a No-Fault insurer.  This is because the cost of hosting procedures marked with an 'N1' modifier, such as CPT 62290, is included in other charges."  Endo Surgi does not dispute the lumbar discography was the only procedure performed on Ms. Harper on April 22, 2014 and was not "bundled" with another procedure.

A-1934-17T3

The defendants cited N.J.A.C. 11:3-29.4(g) as authority to permit reimbursement of those CPT Codes because they were reimbursable by Medicare, even though they were not included in the Fee Schedule. Id. at __ (slip op. at 9-10). In discussing the Fee Schedule, we observed in Specialty Surgical that it listed various CPT codes.

> For many, there was an amount listed that could be reimbursed to an ASC if it performed the service listed. For some other listed CPT Codes, there was no reimbursement figure for an ASC. Clearly, if the CPT Code is listed and no amount is set forth for an ASC, the ASC cannot receive payment for that service.
>
> [Id. at __ (slip op. at 13) (emphasis added).]

We also rejected the argument in Specialty Surgical that Endo Surgi makes here that the Fee Schedule is amended when Medicare permits reimbursement to an ASC of a CPT Code. "The fact that Medicare now includes the CPT Code does not result in the automatic amendment of the Fee Schedule; instead, we conclude it is the Department, not Medicare, that amends the Fee Schedule." Id. at ___ (slip op. at 15).

In this case, CPT Code 62290 was listed in the Fee Schedule but that schedule did not include a reimbursement amount for an ASC because it did not permit reimbursement when performed separately at an ASC. The trial court erred in ordering reimbursement. This case presents one of those "rare

A-1934-17T3

circumstances" where our review of a trial court order is necessary because of our "nondelegable special supervisory function." Riverside Chiropractic Grp. v. Mercury Ins. Co., 404 N.J. Super. 228, 239 (App. Div. 2008) (quoting Mt. Hope Dev. Assocs. v. Mt. Hope Waterpower Project, LP, 154 N.J. 141, 152 (1998)); see Specialty Surgical, __ N.J. Super. at __ (slip op. at 7). We are constrained to reverse in light of our decision in Specialty Surgical.[5]

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] Endo Surgi claims the trial court erred by not awarding it attorney's fees when it granted the cross-motion for summary judgment. Endo Surgi did not file a cross-appeal of the trial court's order. Because of this, the issue is not properly before us. See State v. Chavies, 345 N.J. Super. 254, 265 (App. Div. 2001). "Appellate courts ordinarily decline to consider issues not presented to the trial court unless they 'go to the jurisdiction of the trial court or concern matters of great public interest.'" Kvaerner Process, Inc. v. Barham-McBride Joint Venture, 368 N.J. Super. 190, 196 (App. Div. 2004) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)); see also U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 483 (2012) (declining to consider argument raised for the first time on appeal).

A-1934-17T3