**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1998-19T3

AMBULATORY SURGICAL
CENTER OF SOMERSET,
individually and as Class
Representative on behalf of
others similarly situated and
JUAN GONZALEZ, individually
and as Class Representative on
behalf of others similarly situated,

     Plaintiffs-Appellants,

v.

ALLSTATE FIRE & CASUALTY
INSURANCE COMPANY,

     Defendant-Respondent.

_____

        Submitted October 21, 2020 – Decided November 12, 2020

        Before Judges Accurso and Vernoia.

        On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-1055-19.

        Charles Kannebecker, attorney for appellants.

Saiber LLC, attorneys for respondent (Marc E. Wolin and Michael J. Grohs, on the brief).

PER CURIAM

Plaintiffs Juan Gonzalez (Gonzalez) and Ambulatory Surgical Center of Somerset (Ambulatory Surgical) appeal from an order confirming arbitration awards under the Alternative Procedure for Dispute Resolution Act (APDRA), N.J.S.A. 2A:23A-1 to -30, and denying their application to vacate the awards. The awards rejected plaintiffs' claim for reimbursement from defendant Allstate Fire & Casualty Insurance Company under Gonzalez's personal injury protection (PIP) insurance coverage for the costs of a surgical procedure performed at Ambulatory Surgical for injuries Gonzalez allegedly suffered in an automobile accident.[1] Based on our review of the record, we are convinced we do not have jurisdiction to consider the issues raised on appeal, and we dismiss the appeal in accordance with N.J.S.A. 2A:23A-18(b).

---

[1] PIP coverage is required in "every standard automobile liability insurance policy," and, in pertinent part, it shall provide "for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured and members of his family residing in his household who sustain bodily injury as a result of . . . using an automobile." N.J.S.A. 39:6A-4.

2

# I.

The relevant facts are not disputed. While insured by an automobile insurance policy issued by defendant, Gonzalez allegedly suffered injuries in an August 2011 automobile accident. Four years later, Gonzalez underwent a surgical procedure at Ambulatory Surgical. Plaintiffs sought reimbursement from defendant under Gonzalez's PIP coverage for the costs of the procedure. In part, plaintiffs sought reimbursement for the costs of a procedure under current procedural terminology (CPT) code 22551.[2]

---

[2] Plaintiffs originally sought reimbursement from defendant under CPT codes 22551, 22552, 22846, and 20931. In the trial court, plaintiffs did not seek to vacate those portions of the arbitration awards denying their requests for reimbursement for procedures under CPT codes 22552, 22846, and 20931. Similarly, on appeal plaintiffs do not argue the court erred by confirming the awards denying reimbursement for services under those CPT codes. We conclude plaintiffs waive any claim the arbitrators or the court erred by finding plaintiffs are not entitled to reimbursement from defendant for services provided to Gonzalez under those codes. See Nieder v. Royal Indem. Ins., 62 N.J. 229, 234 (1973) (an appellate court generally "decline[s] to consider" an argument that was "not properly presented to the trial court" and does not "go to the jurisdiction of the trial court or concern matters of great public interest" (citation omitted)); see also Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (holding "[a]n issue not briefed on appeal is deemed waived"); Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008) (same). We therefore consider only plaintiffs' claim the court erred by rejecting plaintiffs' request to vacate the arbitrators' awards affirming defendant's denial of reimbursement under CPT code 22551 and granting defendant's request to confirm the awards.

CPT code 22551 is not listed on the medical fee schedule promulgated by the New Jersey Department of Banking and Insurance (DOBI) for reimbursement of ambulatory surgical center (ASC) medical expense benefits under PIP coverage. See generally N.J.S.A. 39:6A-4.6(a) (requiring DOBI's Commissioner to "promulgate medical fee schedules on a regional basis for the reimbursement of health care providers providing services or equipment for medical expense benefits for which payment is to be made by an automobile insurer under [PIP] coverage"). Defendant denied plaintiffs' request for reimbursement because CPT code 22551 is not included on the fee schedule.

Plaintiffs filed a putative class action lawsuit in the United States District Court for the District of New Jersey asserting causes of action based on defendant's denial of the reimbursement request. Defendant moved to compel arbitration of plaintiffs' claims pursuant to the Automobile Insurance Cost Reduction Act, N.J.S.A. 39:6A-1.1 to -35. The court granted the motion and stayed further proceedings in the class action lawsuit pending arbitration pursuant to N.J.S.A. 39:6A-5.1 of plaintiffs' challenge to defendant's denial of their reimbursement request.[3]

---

[3] N.J.S.A. 39:6A-5.1 provides for the arbitration of disputes "regarding the recovery of medical expense benefits or other benefits provided under [PIP] coverage." N.J.S.A. 39:6A-5.1(a).

A-1998-19T3

Plaintiffs filed a demand for arbitration, seeking reversal of defendant's denial of the request for PIP medical benefits for the CPT code 22551 procedure. The assigned dispute resolution professional (DRP), Suzanne J. Frankland, considered the parties' submissions, conducted a hearing, and rendered a written decision affirming defendant's denial of the request. Frankland discussed and interpreted N.J.A.C. 11:3-29.4, which addresses the application of the PIP coverage fee schedules; N.J.A.C. 11:3-29.5, which pertains to ASC fees; and a DOBI published response to a "Frequently Asked Question" concerning reimbursement of ASC fees for CPT codes listed on the fee schedule but for which no corresponding reimbursement amount is provided.

Frankland rejected plaintiffs' claim the fee schedule was effectively amended procedure pursuant to N.J.A.C. 11:3-29.4(g) to include CPT code 22551 when, in 2014, the Center for Medicare & Medicaid Services (CMS) added that code to its list of ASC covered surgical procedures approved for Medicaid reimbursement. Frankland found reimbursement is "strictly governed by the [f]ee [s]chedule" and concluded plaintiffs are not entitled to reimbursement for CPT "codes that do not have a reimbursement rate in the ASC column of the fee schedule." Frankland affirmed defendant's denial of plaintiffs'

5

request for reimbursement for the CPT code 22551 procedure because the code is not listed on the ASC fee schedule.

Plaintiffs appealed to a three-DRP panel. The panel rejected plaintiffs' claim Frankland erred in applying the law to the issues and facts presented; determined Frankland's award was supported by the evidence; and concluded Frankland's determination that plaintiffs are not entitled to reimbursement because CPT code 22551 is not listed on the ASC fee schedule is consistent with our holding in New Jersey Manufacturers Insurance Co. v. Specialty Surgical Center of North Brunswick, 458 N.J. Super. 63 (App. Div. 2019). In Specialty Surgical, we considered whether procedures performed under a CPT code that was not listed on the ASC fee promulgated by the Commissioner are reimbursable under PIP coverage. Id. at 70-74. We determined they are not reimbursable, see id. at 74, and affirmed the trial court holding that "the PIP medical fee schedule does not provide for payment to an ambulatory surgical center . . . for procedures not listed [on the fee schedule] as reimbursable when performed at an ASC," id. at 65 (footnote omitted).

Plaintiffs filed a complaint and order to show cause under the APDRA seeking vacation of Frankland's and the panel's decisions affirming defendant's

denial of reimbursement for Gonzalez's CPT code 22551 procedure. Defendant cross-moved to confirm the awards.

In a detailed and thorough written opinion, Judge Thomas C. Miller explained that plaintiffs sought to vacate the awards under N.J.S.A. 2A:23A-13(c)(5) and they claimed "DRP Frankland committed prejudicial error by erroneously applying the law to the issues and facts presented."[4] The judge observed plaintiffs "fail[ed] to allege or otherwise identify in what way they contend the . . . [p]anel erroneously applied the law to the issues and facts presented."

Nonetheless, Judge Miller considered whether the absence of CPT code 22551 on the ASC fee schedule required the denial of plaintiffs' reimbursement request. He appropriately concluded he was bound by the holding in Specialty Surgical that ASC procedures are reimbursable under the PIP regulations only if the ASC fee schedule lists the applicable CPT code and a corresponding reimbursement amount for the procedure. Judge Miller concluded Gonzalez's CPT code 22551 procedure is not reimbursable under PIP coverage because the code does not appear on the ASC fee schedule.

---

[4] Plaintiffs did not, and do not, claim the awards should have been vacated based on any of the other four grounds supporting vacation of an award under N.J.S.A. 2A:23A-13(c)(1) to (4).

In his analysis, Judge Miller also rejected plaintiffs' claim that N.J.A.C. 11:3-29.4(e)(3) does not provide an applicable exception to the requirement contained in N.J.A.C. 11:3-29.4(e) that an insurer pay a "reasonable amount" for "any service or equipment not set forth in or not covered by the fee schedules." He explained that in Specialty Surgical we considered and rejected an argument plaintiffs make in support of their application to vacate the awards here—that the ASC fee schedule is automatically amended by operation of law under N.J.A.C. 11:3-29.4 to include CPT codes CMS adopts in its Medicaid schedule of reimbursable CPT codes for ASCs. Last, the judge concluded Frankland and the panel correctly relied on DOBI's interpretation of its own regulations, as reflected in its response to a "Frequently Asked Question[]." See Specialty Surgical, 458 N.J. Super. at 71 (detailing DOBI's response to a question included on an "Auto Medical Fee Schedule Frequently Asked Questions" that is posted on its website). The response states that CMS's authorization of Medicaid reimbursement for ASC procedures does not result in a concomitant amendment of the PIP fee schedule, and an ASC may not be reimbursed under PIP coverage "unless there is an amount listed . . . on [the Fee Schedule] for the corresponding CPT code." Ibid. (second alteration in original).

A-1998-19T3

Judge Miller found Frankland and the panel did not erroneously apply the law to the issues or facts, and he concluded our decision in Specialty Surgical required rejection of plaintiffs' arguments. The judge denied plaintiffs' request to vacate the awards, granted defendant's request to confirm the awards, and entered a corresponding order. This appeal followed.

II.

Where, as here, the parties arbitrated their dispute in accordance with the APDRA, a party may move to vacate, modify, or correct the arbitration award by filing a summary action in the Superior Court. See Specialty Surgical, 458 N.J. at 67; see also N.J.S.A. 2A:23A-13. The APDRA provides that where a court grants a request to confirm, modify, or correct an award, it shall enter an appropriate judgment, and "[t]here shall be no further appeal or review of the judgment or decree." N.J.S.A. 2A:23A-18(b).

The statutory prohibition against appeals from judgments confirming arbitration awards is not without exception. Appellate review of a trial court judgment confirming an arbitration award is permissible in those "rare circumstances" where "public policy" requires such a result. Mt. Hope Dev. Assocs. v. Mt. Hope Waterpower Project, L.P., 154 N.J. 141, 152 (1998). For example, there is "a judicially-recognized caveat," Kimba Med. Supply v.

Allstate Ins. Co., 431 N.J. Super. 463, 481 (App. Div. 2013), to N.J.S.A. 2A:23A-18(b)'s proscription where appellate review is required to fulfill our "supervisory function over the [trial] courts," id. at 482 (quoting Mt. Hope Dev. Assocs., 154 N.J. at 152); see also Specialty Surgical, 458 N.J. at 68; Riverside Chiropractic Grp. v. Mercury Ins. Co., 404 N.J. Super. 228, 239 (App. Div. 2008). "This residual appellate review function, [however,] . . . is to be exercised sparingly . . . ." Kimba Med. Supply, 431 N.J. Super. at 482.

In Morel v. State Farm Insurance Co., we determined a review of an order confirming an arbitration award was required to fulfill our supervisory function because the trial court did not apply the correct legal standard of review and did not rule on the plaintiff's claims. 396 N.J. Super. 472, 476 (App. Div. 2007). Similarly, in Kimba Medical Supply, we found our supervisory function supported appellate review of a judgment confirming an APDRA arbitration award because the case presented "unsettled questions of statutory interpretation" that required "definitive precedential guidance." 431 N.J. Super. at 482-83. In Specialty Surgical, we reviewed a judgment vacating APDRA arbitration awards to resolve conflicting interpretations of a PIP coverage regulation "in light of the absence of needed precedent" for the trial courts. 458 N.J. Super. at 69; see also Allstate Ins. Co. v. Sabato, 380 N.J. Super. 463, 473-

10

74 (App. Div. 2005) (exercising appellate review of an order modifying an arbitration award concerning a counsel fee claim because courts have "exclusive supervisory powers" over counsel fees).

In contrast, we have dismissed appeals from trial court orders addressing arbitration awards entered under the APDRA. Most recently, in Monmouth Medical Center v. State Farm Indemnity Co., we explained we "have no jurisdiction to tamper with the judge's decision or do anything other than recognize that the judge has acted within his [or her] jurisdiction" where the judge adheres to the APDRA's statutory grounds in addressing a challenge to an arbitration award. 460 N.J. Super. 582, 590 (App. Div. 2019) (quoting N.J. Citizens Underwriting Reciprocal Exch. v. Kieran Collins, D.C., L.L.C., 399 N.J. Super. 40, 48 (App. Div. 2008)). We dismissed appeals from trial court orders vacating arbitration awards, finding we lacked jurisdiction under N.J.S.A. 2A:23A-18(b) because the trial judges "exercised [their] authority" in accordance with the APDRA, "adhered to the statutory grounds in vacating the . . . awards," and "provided rational explanations" supporting their findings the DRPs committed prejudicial error under N.J.S.A. 2A:23A-13(c)(5). Id. at 591. We found that, under those circumstances, "there is no principled reason

11

for the exercise of our supervisory jurisdiction, or any unusual circumstances where public policy would require our intervention." Ibid.

In Fort Lee Surgery Center, Inc. v. Performance Insurance Co., we explained that in determining to exercise appellate jurisdiction we must decide "whether the trial judge acted within [the] APDRA's bounds." 412 N.J. Super. 99, 103 (App. Div. 2010). Where the answer to that query is in the affirmative, "we are bound by N.J.S.A. 2A:23A-18(b) to dismiss the appeal." Ibid.; see also Riverside Chiropractic Grp., 404 N.J. Super. at 240 (rejecting the plaintiff's claim the supervisory function required appellate review of a trial court order confirming an arbitration award because there was no showing the trial court "commit[ted] any glaring errors that would frustrate the Legislature's purpose in enacting the APDRA").

Here, the record is bereft of any of the "rare circumstances" supporting an exception to N.J.S.A. 2A:23A-18(b)'s proscription of appellate review of an order confirming an APDRA arbitration award. See Mt. Hope Dev. Assocs., 154 N.J. at 152. Appellate review is unnecessary to exercise our supervisory function because Judge Miller: carefully considered the record presented; analyzed plaintiffs' challenge under the correct statutory standard; provided a reasoned and well-supported rejection of plaintiffs' application to vacate the

A-1998-19T3

awards; and applied the holding in Specialty Surgical as he was bound to do. See Monmouth Med. Ctr., 460 N.J. at 591; see also Fort Lee Surgery, 412 N.J. Super. at 104 (finding the exercise of our supervisory function is not implicated where the trial court "navigate[s] within [the] APDRA's parameters" and "provide[s] a rational explanation" for its decision); cf. Endo Surgi Ctr. v. NJM Ins. Grp., 459 N.J. Super. 289, 291 (App. Div. 2019) (reversing an order requiring reimbursement for an ASC procedure because the order was inconsistent with our holding in Specialty Surgical that ASC procedures not listed on the PIP fee schedule are not reimbursable).

Public policy also does not support an exercise of appellate review. The arguments plaintiffs made before the trial court in support of their challenge to the arbitration awards, and that they reprise on appeal, are identical to the arguments we considered and rejected in Specialty Surgical. Although we reviewed the trial court orders in Specialty Surgical for the public policy goal of providing "guiding precedent" to prevent "continued litigation" over "whether automobile insurers are required to reimburse ASCs where the CPT code for the procedure does not appear in the [f]ee [s]chedule," 458 N.J. Super. at 69-70, our decision resolved the issue, see Endo Surgi Ctr., 459 N.J. Super. at 294-95, and plaintiffs offer no basis to revisit it. We therefore are not convinced there is a

13

public policy supporting appellate review of the trial court's order. Plaintiffs' appeal is barred under N.J.S.A. 2A:23A-18(b).

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION